### ALCOLM CO. v. BRENACK.

(Supreme Court, Appellate Term. March 26, 1906.)

EVIDENCE—CONCLUSIVENESS ON PARTY INTRODUCING IT.

In an action on a contract made by plaintiff with defendant's husband as her agent, the issue being whether he had authority, plaintiff is not concluded by the testimony of the husband as its witness that he had no authority, and therefore it may prove the agency by any competent evidence; a party being concluded by the testimony of its own witness only where the matter brought out is collateral to the issue.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2440–2443.]

On reargument of appeal. Reversed.

For former opinion, see 96 N. Y. Supp. 1055.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Harry J. Sondheim, for appellant.

Straley & Hasbrouck (D. W. Steele, of counsel), for respondent.

PER CURIAM. Closer examination of the record discloses an infirmity not noted in the opinion heretofore handed down, and we conclude that a new trial should be had. The cause of action arose out of dealings by the plaintiff with the defendants' husband, her assumed agent, and the issue was whether he had authority. The justice, however, excluded every inquiry into the facts from which an actual agency could be inferred, sustaining objections to a line of obviously proper questions to the husband, when called as a witness, to show the nature of his connection with the business, and rendered judgment for the defendant upon the theory that the issue was concluded by the witness' statement that he had no authority.

That this statement was elicited by the plaintiff's counsel, gave it no conclusive effect as against other evidence to the contrary. A party is concluded by adverse testimony of his own witness only where the matter brought out is collateral to the issue. Here the testimony went to the vital issue in the case, and the plaintiff was entitled to prove the facts by any competent evidence at its command. The error in the ex-

clusion of testimony to facts from which an agency could be inferred was not, therefore, cured by the statement of the witness to the effect that he had no authority, and the affirmance of the judgment is properly questioned upon this motion.

Judgment reversed, and new trial granted, with costs to abide the event.